INTENTIONALLY LEFT BLANK
EXHIBIT PAGE ONLY

# EXHIBIT A



HUTCHISON & STEFFEN

A PROFESSIONAL LLC

Baker Law Offices

**DISTRICT COURT**
**CLARK COUNTY, NEVADA**

**DECLARATION OF SERVICE**

Electronically Filed
6/9/2017 9:44 AM
Steven D. Grierson
CLERK OF THE COURT

**DANIEL T. ROBERTS**

    Plaintiff/Petitioner,

vs.

**AMERICAN FAMILY INSURANCE COMPANY**

    Defendant/Respondent,

Case No :A-17-754609

STATE OF NEVADA
COUNTY OF CLARK    ss.:

SUMMONS (2 copies); COMPLAINT (2 copies); $30.00 CHECK MADE PAYABLE TO NEVADA DIVISION OF INSURANCE Received by NOW! Services, Inc. on 06/02/2017 with instructions to serve AMERICAN FAMILY INSURANCE COMPANY c/o Nevada Division of Insurance at 3300 W. Sahara Ave., Ste. 275, Las Vegas, NV89102.

I, **Eddie Guzman**, being duly sworn says: That at all times herein affiant was and is a citizen of the United States, over 18 years of age, not a party to or interested in the proceeding in which this affidavit is made.

I am authorized to serve this process in the circuit/county it was served in.

On 06/05/2017 at 12:07 PM, I served the within SUMMONS (2 copies); COMPLAINT (2 copies); $30.00 CHECK MADE PAYABLE TO NEVADA DIVISION OF INSURANCE on AMERICAN FAMILY INSURANCE COMPANY c/o Nevada Division of Insurance at 3300 W. Sahara Ave., Ste. 275, Las Vegas, NV89102 in the manner indicated below:

SUITABLE AGE: By delivering thereat a true copy of each to **Tanishia Brown, Authorized Employee** authorized to accept service on behalf of AMERICAN FAMILY INSURANCE COMPANY c/o Nevada Division of Insurance, a person of suitable age and discretion. Said premises is AMERICAN FAMILY INSURANCE COMPANY c/o Nevada Division of Insurance's usual place of business within the state.

A description of the Recipient, or other person served on behalf of the Recipient is as follows:

| Sex | Color of skin/race | Color of hair | Age | Height | Weight |
|---|---|---|---|---|---|
| Female | African American | dark brown | 30's | 6' | 180 |
| Other Features: | | | | | |

I declare under penalty of perjury under the laws of the State of Nevada that the foregong is true and correct.

Executed this 6 of June, 2017.

No Notary is required per NRS 53.045.

*16592*

X Eddie Guzman
Eddie Guzman
License#: NVPILB#1361
NOW! Services, Inc.
3210 W. Charleston Blvd., Ste. 3
Las Vegas, NV 89102
(702) 669-7378
Atty File#:

Electronically Filed
04/27/2017 03:37:04 PM

CLERK OF THE COURT

LLOYD W. BAKER, ESQ.
Nevada Bar No.: 6893
KEVIN LAZAR, ESQ.
Nevada Bar No.: 9610
**BAKER LAW OFFICES**
500 S. Eighth Street
Las Vegas, NV 89101
Telephone: (702) 360-4949
Facsimile: (702) 360-3234
Attorneys for Plaintiff

## DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| DANIEL T. ROBERTS, an individual, | Case No.: A-17-754609-C |
| Plaintiff, | Dept. No.: VIII |
| v. | **COMPLAINT** |
| AMERICAN FAMILY MUTUAL INSURANCE COMPANY, a Wisconsin corporation; and DOES I through X, and ROE CORPORATIONS I through X, inclusive, | |
| Defendants. | |

COMES NOW Plaintiff, DANIEL T. ROBERTS, by and through his attorneys of record, BAKER LAW OFFICES, and complains and alleges as follows:

**GENERAL ALLEGATIONS**

1. Plaintiff, DANIEL T. ROBERTS, (hereinafter referred to as "Plaintiff") is, and was at all times mentioned herein, a resident of Clark County, Nevada.

2. Defendant, AMERICAN FAMILY MUTUAL INSURANCE COMPANY, (hereinafter referred to as "AMERICAN FAMILY") is, and was at all times mentioned herein, a Wisconsin corporation authorized to do business in Clark County, Nevada.

3. That all the facts and circumstances that give rise to the subject lawsuit occurred in the County of Clark, State of Nevada.

////

Page 1 of 10

4.  The true names and capacities of Defendants named herein as DOES I through X and ROE CORPORATIONS I through X, inclusive, whether individual, corporate, associate or otherwise, are presently unknown to Plaintiff who therefore sues said Defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each of the Defendants so designated is responsible in some manner for the events and occurrences alleged herein, and Plaintiff will ask leave of the Court to amend this Complaint to insert the true names and capacities of DOES I through X and/or ROE CORPORATIONS I through X inclusive, when the same have been ascertained and to join such Defendants in this action.

5.  At all material times, Defendants, and each of them, were individuals and/or entities who were, and are agents, masters, servants, employers, employees, owners, managers, joint venturers, representatives and/or business associates with respect to the other named Defendants, and with respect to each other, and were residents, doing business and/or acting within the course and scope of the insurance authority in Clark County, Nevada, as such agents, masters, servants, employers, employees, owners, managers, joint ventures, representatives and/or business associates, and with the consent knowledge, authorization, ratification, and permission of each other.

6.  At all times relevant hereto, Defendants, and each of them, were responsible for the acts and omissions of themselves and each other Defendant and held a special relationship with the other Defendants and with others, non-delegable in nature, and subject to peculiar and high risk for a breach thereof.

7.  On or about December 3, 2013, Plaintiff was driving his vehicle eastbound on Desert Inn near the intersection with Rainbow Blvd, in Las Vegas, Nevada.

8.  On or about the same date and time, Lusine Ghzanchyan (hereinafter referred to as "Ghzanchyan") was driving a vehicle behind Plaintiff. Ghzanchyan failed to slow or stop the vehicle, and rear-ended Plaintiff's vehicle.

9.  As a direct and proximate result of Ghzanchyan's negligent operation of her vehicle, she caused a traffic collision with Plaintiff, resulting in severe injuries to Plaintiff's body.

10. At all relevant times, Ghzanchyan's liability insurance coverage through State Farm Insurance was Twenty Five Thousand Dollars ($25,000.00) per person, per occurrence.

11. At all relevant times, Defendant AMERICAN FAMILY was aware that Ghzanchyan's liability insurance through State Farm Insurance was Twenty Five Thousand Dollars ($25,000.00) per person, per occurrence.

12. At all relevant times, Plaintiff was covered under an automobile insurance policy with Defendant AMERICAN FAMILY, which was in effect on or about December 03, 2013, which included, among other coverages, liability, collision, and under-insured motorist coverage.

13. At all relevant times, Defendant AMERICAN FAMILY identified the insurance contract that covered Plaintiff as claim number 00-225-055031-1323.

14. On or about January 9, 2014, Plaintiff provided Defendant AMERICAN FAMILY with notice of Plaintiff's claim and a request for Plaintiff's pertinent policy information.

15. On or about June 30, 2016, Plaintiff provided Defendant AMERICAN FAMILY with all of Plaintiff's pertinent medical records from the above-referenced auto accident, including numerous radiographs evidencing objective injury to the Plaintiff, and an accounting of Plaintiff's medical bills related to the subject motor vehicle accident, and demanded his under-insured policy limits in the amount of One Million Dollars ($1,000,000.00) from Defendant AMERICAN FAMILY.

16. The demand sent on June 30, 2016 provided medical evidence that the Plaintiff suffered severe and debilitating injury from the subject motor vehicle accident.

17. That because of the subject motor vehicle accident, Plaintiff was required to undergo C4-5 spinal fusion surgery with implementation of hardware, which was performed by Dr. William S. Muir, M.D. on or about December 21, 2015.

18. That the June 30, 2016 demand also provided Defendant AMERICAN FAMILY with a life care plan prepared by Dr. William Muir, regarding Plaintiff's expected future treatment and medication needs, and the anticipated costs of the same.

19. That in the life care plan, prepared on June 29, 2016, Dr. Muir opined that Plaintiff will most likely require an additional surgical fusion at C3-4 in the future because of already present disc bulging/protrusion, and adjacent forces.

20. That Dr. Muir opined in the life care plan that Plaintiff's future medical needs because of the injuries he suffered from this accident will total $315,772.00.

21. That Plaintiff's already incurred medical bills because of this motor vehicle accident total $166,218.40.

22. That Plaintiff continues to suffer pain and injury from the subject motor vehicle accident, and will continue to need future medical care and treatment.

23. That because of Ghzanchyan's negligence, Ghzanchyan's liability insurance carrier, State Farm Insurance, paid Plaintiff Ghzanchyan's liability policy limits in the amount of Twenty-Five Thousand Dollars ($25,000.00).

24. That despite demand for the same with ample supporting medical evidence and bills, Defendant AMERICAN FAMILY has refused and continues to refuse to pay Plaintiff the policy limits of the under-insured motorist provision of the insurance policy.

25. That despite specific written requests from Plaintiff, Defendant AMERICAN FAMILY has failed to provide Plaintiff with the pertinent policy documentation.

26. That Plaintiff established legal entitlement to the under-insured motorist proceeds, but despite the same, Defendant AMERICAN FAMILY has refused and continues to refuse to provide Plaintiff with the applicable under-insured policy limits.

27. That Defendant AMERICAN FAMILY's conduct regarding its obligation to Plaintiff, its insured, has been unreasonable.

28. That Defendant AMERICAN FAMILY has breached its contract with Plaintiff by failing to honor the terms of the under-insured motorist provision in the applicable insurance policy.

29. That Defendant AMERICAN FAMILY has acted in bad faith in relation to its obligations to Plaintiff, and that Plaintiff has suffered harm because of the bad faith.

////

BAKER LAW OFFICES
500 S. EIGHTH STREET, LAS VEGAS, NEVADA 89101
Phone (702) 360-4949 ◊ Facsimile (702) 360-3234

30. Defendant AMERICAN FAMILY has failed and/or refused to respond to Plaintiff's communications.

31. Defendant AMERICAN FAMILY has improperly delayed investigations related to Plaintiff's claim, and only requested Plaintiff's prior medical records on July 29, 2016, more than two (2) years after being put on notice of Plaintiff's claim.

32. Defendant AMERICAN FAMILY has failed to confirm or deny Plaintiff's coverage under the policy.

33. Defendant AMERICAN FAMILY has failed to settle Plaintiff's claim promptly, even after Defendant AMERICAN FAMILY's liability became reasonably clear.

34. Defendant AMERICAN FAMILY has refused and continues to refuse to pay Plaintiff a fair amount for his claim, even though it is clear that a legal suit filed by Plaintiff would settle for a similar amount.

35. On or about July 29, 2016, Defendant AMERICAN FAMILY, for the first time, requested in a letter to be provided with three (3) years of Plaintiff's prior medical records.

36. In that July 29, 2016 letter, Defendant AMERICAN FAMILY also stated that subsequent to receiving the requested three (3) years of Plaintiff's prior medical records, Defendant AMERICAN FAMILY would seek to complete an independent medical examination of Plaintiff to determine the demand for future life care.

37. That Defendant AMERICAN FAMILY's requests in the letter dated July 29, 2016, were made for the first time over thirty (30) months after Plaintiff made Defendant AMERICAN FAMILY aware of his claim and injury related to this accident.

38. As a result of Defendant AMERICAN FAMILY's intentional, negligent, malicious and/or oppressive denial of Plaintiff's demand for his under insured policy limits, Plaintiff has suffered severe hardships related to the costs he has incurred for the subject accident.

////

////

////

## FIRST CAUSE OF ACTION
### (Breach of Contract)

39. Plaintiff repeats and realleges the allegations in Paragraphs 1 through 38 above, as though set forth fully herein.

40. Defendant AMERICAN FAMILY, and each of the Defendants, entered into a contract with Plaintiff, or for the benefit of Plaintiff, wherein they agreed to provide insurance coverage, including, but not limited to, underinsured motorist coverage, to Plaintiff.

41. That at all relevant times, Plaintiff was insured under an automobile insurance contract with Defendant AMERICAN FAMILY, and each of the Defendants.

42. Defendant AMERICAN FAMILY, and each of the Defendants, breached said contract by wrongfully denying payment to Plaintiff under his under insured motorist coverage.

43. As a direct and proximate result of Defendant AMERICAN FAMILY's breach of contract, Plaintiff has incurred expenses and damages in excess of Ten Thousand Dollars ($10,000.00).

44. That Plaintiff has been required to engage the services of an attorney to litigate this action and he is therefore entitled to recover from Defendant AMERICAN FAMILY, reasonable attorney's fees, interest, and costs of suit.

## SECOND CAUSE OF ACTION
### (Unfair Insurance Practices)

45. Plaintiff repeats and realleges the allegations in Paragraphs 1 through 44 above, as though set forth fully herein.

46. Plaintiff has respectfully requested this matter be settled for a fair amount, which Defendant AMERICAN FAMILY refused, thereby forcing Plaintiff to file this complaint.

47. That Defendant AMERICAN FAMILY unfairly failed to recognize and honor the mandates of NRS 687B.145(2) by failing to pay benefits to fully compensate Plaintiff for his injuries as a result of the accident caused by an under insured, at-fault motorist.

48. That at all relevant times, there exists in the State of Nevada the following statute, in pertinent part:

NRS 686A.310 Unfair practices in settling claims; liability of insurer for damages

1. Engaging in any of the following activities is considered to be an unfair practice:

   e) Failing to effectuate prompt, fair and equitable settlements of claims in which liability of the insurer has become reasonably clear.

   f) Compelling insureds to institute litigation to recover amounts due under an insurance policy by offering substantially less than the amounts ultimately recovered in actions brought by such insureds, when the insureds have made claims for amounts reasonably similar to the amounts ultimately recovered.

   l) Failing to settle claims promptly, where liability has become reasonably clear, under on portion of the insurance policy coverage in order to influence settlements under other portions of the insurance policy coverage.

2. In addition to any rights or remedies available to the Commissioner, an insurer is liable to its insured for any damages sustained by the insured as a result of the commission of any act set for in subsection 1 as an unfair practice.

49. That Defendant AMERICAN FAMILY has failed to provide reasonable basis for its denial of Plaintiff's claim under his under-insured motorist policy, despite repeated requests. That such action constitutes a derogation of NRS 686A.310 in that it is dilatory, unfair, and inequitable.

50. That Defendant AMERICAN FAMILY committed unfair insurance practices by failing to recognize and pay the value of the claim in a mutually consensual, prompt, fair, and efficient manner and has forced Plaintiff to institute litigation to obtain money due under the policy.

51. That Defendant AMERICAN FAMILY's inactions and wrongful denial of Plaintiff's claim under his under insured motorist policy constitute unfair insurance practices as set forth under the Unfair Insurance Practices Act of Nevada.

52. That such actions by Defendant AMERICAN FAMILY were willful, wanton, and malicious. That as a proximate result of the willful, wanton, and malicious unfair insurance practices of Defendant AMERICAN FAMILY, Plaintiff has suffered damages in excess of Ten Thousand Dollars ($10,000.00).

53. That Plaintiff has been required to engage the services of an attorney to litigate this action and he is therefore entitled to recover from Defendant AMERICAN FAMILY reasonable attorney's fees, interest, and costs of suit.

### THIRD CAUSE OF ACTION

**(Contractual Breach of Implied Covenant of Good Faith and Fair Dealing)**

54. Plaintiff repeats and realleges the allegations in Paragraphs 1 through 53 above, as though set forth fully herein.

55. Implied in every contract in the State of Nevada is a covenant of good faith and fair dealing that requires the parties to act fairly and in good faith with each other.

56. AMERICAN FAMILY breached its duty of good faith and fair dealing by, among other things, refusing Plaintiff full compensation due under the uninsured/underinsured coverage provisions of Plaintiff's policy.

57. Plaintiff has been damaged by AMERICAN FAMILY'S breach of the implied covenant of good faith and fair dealing in a sum in excess of $10,000.

58. That Plaintiff has been required to engage the services of an attorney to litigate this action and he is therefore entitled to recover from Defendant AMERICAN FAMILY reasonable attorney's fees, interest, and costs of suit.

### FOURTH CAUSE OF ACTION

**(Tortious Breach of Implied Covenant of Good Faith and Fair Dealing)**

59. Plaintiff repeats and realleges the allegations in Paragraphs 1 through 58 above, as though set forth fully herein.

60. Implied in every contract in the State of Nevada is a covenant of good faith and fair dealing that requires the parties to act fairly and in good faith with each other.

61. AMERICAN FAMILY owed a duty of good faith and fair dealing to Plaintiff.

62. There was a special element of reliance between Plaintiff and AMERICAN FAMILY where AMERICAN FAMILY was in a superior or entrusted position.

////

////

63. AMERICAN FAMILY breached its duty of good faith and fair dealing by, among other things, refusing Plaintiff full compensation due under the uninsured/underinsured coverage provisions of Plaintiff's policy.

64. Plaintiff's justified expectations were denied by AMERICAN FAMILY.

65. Plaintiff has been damaged by AMERICAN FAMILY'S breach of the implied covenant of good faith and fair dealing in a sum in excess of $10,000.

66. As AMERICAN FAMILY'S tortious breach of the implied covenant of good faith and fair dealing was oppressive, fraudulent and/or malicious, Plaintiff is entitled to punitive and/or exemplary damages.

67. That Plaintiff has been required to engage the services of an attorney to litigate this action and he is therefore entitled to recover from Defendant AMERICAN FAMILY reasonable attorney's fees, interest, and costs of suit.

## FIFTH CAUSE OF ACTION

### (Declaratory Relief)

68. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 67 as though set forth fully herein.

69. Under Nev. Rev. Stat. § 30.010 et seq., the Uniform Declaratory Judgment Act, any person interested under a written contract or other writings constituting a contract, or whose rights, status or other legal relations are affected by a contract, may have determined any questions of construction or validity arising under the contract and obtain a declaration of rights, status or other legal relations thereunder.

70. A justiciable controversy exists as Plaintiff has asserted claims of right to indemnification for his losses from Defendant AMERICAN FAMILY, and Defendant AMERICAN FAMILY has an interest contesting Plaintiff's claims of right.

71. Plaintiff has a legally-protectable interest in the controversy, i.e., his right to indemnification from Defendant AMERICAN FAMILY.

////

////

72. The issue involved in the controversy is ripe for judicial determination because there is substantial controversy, among parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

73. Accordingly, Plaintiff requests a declaratory judgment that Defendant AMERICAN FAMILY owes him a duty to indemnify him on his uninsured/underinsured claim.

74. Plaintiff has been required to retain the services of counsel to prosecute this matter, and, as such, are entitled to an award of costs and reasonable attorneys' fees incurred herein.

WHEREFORE, Plaintiff demands judgment against Defendants, and each of them, as follows:

1. Special damages in an amount in excess of $10,000.00;

2. General damages in an amount in excess of $10,000.00;

3. Prejudgment interest on awarded damages;

4. Punitive and/or exemplary damages;

5. A declaratory judgment;

6. Attorney's fees and costs incurred herein; and

7. Such further relief as the Court may deem just and proper.

DATED this 26th day of April, 2017.

BAKER LAW OFFICES

/s/ KEVIN LAZAR
LLOYD W. BAKER, ESQ.
Nevada Bar No.: 6893
KEVIN LAZAR, ESQ.
Nevada Bar No.: 9610
500 S. Eighth Street
Las Vegas, Nevada 89101
Telephone: (702) 360-4949
Facsimile: (702) 360-3234
lit@bakerattorneys.net
Attorney for Plaintiff